**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| AIMEE KRAUSE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKETREACH, LLC, a Wyoming limited liability company,<br><br>Defendant. | ) | Case No. 21-cv-1938<br><br>Honorable Elaine E. Bucklo |

**<u>DEFENDANT ROCKETREACH LLC'S RULE 12(b)(6) MOTION TO DISMISS</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6), RocketReach LLC ("Defendant"), by its attorneys, respectfully moves to dismiss the class action complaint ("Complaint") of plaintiff Aimee Krause's ("Plaintiff"). In support of this motion, Defendant states:

1. In her Complaint, Plaintiff alleges, on behalf of herself and all others similarly situated, that Defendant violated her right of publicity under the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq*. (Dkt. 1.) In essence, Plaintiff asserts that Defendant used her identity (and the identities of other Illinois putative class members) to market and sell a subscription to Defendant's website, which allows users to search and locate contact information for individuals, including email and telephone numbers.

2. Plaintiff fails to state a claim under Rule 12(b)(6). The accessibility of Plaintiff's contact information via Defendant's website does not violate IRPA because the website falls under the following statutory exemptions: 765 ILCS 1075/35(b)(1), (2), and (4).

3. The website is also protected from liability by the First Amendment and does not fall into the less-protected category of "commercial speech." Therefore, under IRPA and First

Amendment case law, neither Defendant's display of search results on its website nor its promotion of its website and database is subject to liability.

4. Section 230 of the Communications Decency Act immunizes Defendant because Defendant's website collects and re-publishes information created by third parties.

5. Finally, Plaintiff's claim violates the dormant Commerce Clause, because Plaintiff's legal theory would effectively impose Illinois law on Defendant's nationwide business.

6. In further support of this motion, Defendant submits its memorandum of law, which it has filed with this motion.

WHERFORE, Defendant RocketReach LLC respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted, and for any further relief the Court deems proper.

Respectfully submitted,

June 7, 2021

ROCKET REACH LLC

By: /s/ Steven L. Baron

Steven L. Baron (ARDC # 6200868)
Brendan J. Healey (ARDC #6243091)
Sharon R. Albrecht (ARDC #6288927)
Baron Harris Healey
150 South Wacker Drive
Suite 2400
Chicago, Illinois 60606
Tel: 312-741-1027
sbaron@bhhlawfirm.com
bhealey@bhhlawfirm.com
salbrecht@bhhlawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing has been served on June 7, 2021 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

/s/ Steven L. Baron