IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AIMEE KRAUSE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ROCKETREACH, LLC, a Wyoming limited liability company,<br><br>*Defendant*. | Case No. 21-cv-01938<br><br>Honorable Lindsay C. Jenkins |

**ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT AGREEMENT**

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, (dkt. 77-1).

2. Plaintiff has moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court having read and considered the Settlement Agreement, and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this Order, certifies the Settlement Class for purposes of settlement only and finds that the Settlement Class defined below is likely to be certified for purposes of entering the Final

Approval Order, appoints Class Counsel and the Class Representative, and approves the Notice plan.

**Certification of the Settlement Class**

3. For purposes of settlement only, the Court certifies the following Settlement Class as defined in the Settlement Agreement:

> All individuals with an Illinois residential address whose named was displayed on RocketReach's website in connection with a "+Phone Plan" hyperlink from April 12, 2020 to the date of Preliminary Approval.

Excluded from the Settlement Class are: (1) any judge or magistrate judge presiding over this Action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors, or assigns of any such excluded persons.

4. The Court finds that, subject to the Final Approval Hearing referred to below, the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Class likely satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for purposes of entering the Final Approval Order, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (e.g., whether Defendant used the Plaintiff's and the Settlement Class Members' identifying information to advertise or promote Defendant's subscription service without first obtaining their written consent); Plaintiff's claims are typical of the claims of the members of the Settlement Class; Plaintiff and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common

questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

**Preliminary Approval of the Settlement**

5.     For purposes of settlement only: (a) Eli Wade-Scott, Ari J. Scharg, and Michael Ovca of Edelson PC and Philip L. Fraietta of Bursor & Fisher, P.A. are appointed Class Counsel for the Settlement Class; and (b) Plaintiff Aimee Krause is named the Class Representative of the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Aimee Krause will adequately protect the interests of the Settlement Class defined above.

6.     The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action mechanism, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys with the assistance of Magistrate Judge Jeffrey T. Gilbert; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Notice and Administration**

7.     The Court approves, as to form, content, and distribution, the Notice plan and all

forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B, C, and D, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of the Action, the terms of the Settlement Agreement, and the right to object to the Settlement Agreement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

8. The Court approves the request for the appointment of Simpluris, Inc. as Settlement Administrator under the Settlement Agreement.

9. Pursuant to Paragraph 4.2(d) of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice on the Settlement Website by the Notice Date. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement online.

10. The Settlement Administrator shall send direct Notice as called for under the Settlement by May 2, 2023.

**Exclusion**

11. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing on or before the Objection/Exclusion deadline of July 3, 2023. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled

to any of its benefits.

12. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Krause v. RocketReach, LLC*, No. 21-cv-1938 (N.D. Ill.); (c) state the full name and current address of the person seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated email address to receive exclusion requests electronically. Each request for exclusion must also contain the statement "I hereby request to be excluded from *Krause v. RocketReach, LLC*, No. 21-cv-1938 (N.D. Ill.)," or words to that effect. A request for exclusion that does not include all of the foregoing information, that is sent to an address or email address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified shall be invalid, and the persons serving such a request shall be deemed to be Settlement Class Members and shall be bound by this Settlement Agreement, if approved. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs meaning, *inter alia*, that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

**<u>Objections</u>**

13. Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive award to the Class Representative as set forth in the

Notice and Settlement Agreement. To object, Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline of July 3, 2023.

14. To be valid, the written objection must be personally signed by the objector and otherwise comply with the objection procedures set forth in the Settlement Agreement and Notice including stating: (a) the person's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the person desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

15. To be valid, objections must be filed with the District Court and postmarked, e-mailed or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. In addition, any papers submitted in support of said objection, shall be received by the District Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the District Court and specified in the Notice, the person making an objection shall file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the District Court, (b) file copies of such papers through the District Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, who also

must file an appearance, and (c) send copies of such papers via e-mail, U.S. mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

16. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with this Order and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or in any other action or proceeding.

**Claims Deadline**

17. All Claim Forms must be postmarked or submitted on the Settlement Website by July 3, 2023 (the "Claims Deadline") to be considered timely.

**Final Approval Hearing**

18. The Final Approval Hearing shall be held before this Court on Monday, August 23, 2023, at 10:00 a.m. to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

19. Class Counsel shall file papers in support of their Fee Award and the Class

Representative's incentive award (collectively, the "Fee Petition") with the Court on or before June 19, 2023. Papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website. Settlement Class Members may object on their own or may do so through separate counsel at their own expense.

20. Plaintiff shall file her papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before August 7, 2023.

IT IS SO ORDERED, this 11th day of April 2023.

HON. LINDSAY C. JENKINS
UNITED STATES DISTRICT JUDGE