# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

AIMEE KRAUSE, individually and on behalf
of all others similarly situated,

               *Plaintiff*,

*v.*

ROCKETREACH, LLC, a Wyoming limited
liability company,

               *Defendant*.

Case No. 21-cv-01938

Honorable Elaine E. Bucklo

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is
entered into by and among Plaintiff Aimee Krause ("Krause" or "Plaintiff"), the Settlement Class
(Krause and the Settlement Class are collectively referred to as the "Plaintiff" unless otherwise
noted), and Defendant RocketReach, LLC ("Defendant" or "RocketReach"). Plaintiff and
Defendant are collectively referred to as the "Parties." This Settlement Agreement is intended by
the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon
and subject to the terms and conditions of this Settlement Agreement, and subject to the final
approval of the Court.

## RECITALS

A.      On April 12, 2021, Krause filed a putative class action complaint against
RocketReach in the United States District Court for the Northern District of Illinois, alleging
violations of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq*. ("IRPA"). (Dkt. 1.)
Specifically, Krause alleged that RocketReach's use of Plaintiff's and other consumer's identities
to encourage individual to make purchases on Defendant's website violates the IRPA. (*Id*.)

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CE3D27A

B.      On June 7, 2021, Defendant moved to dismiss the complaint arguing that: (1) the

conduct Plaintiff alleged was covered by one or more of IRPA's exemptions; (2) the First

Amendment protects Defendant's publications and bar's Plaintiff's claims; (3) Defendant is

immune from liability under the Communications Decency Act, 47 U.S.C. § 230 *et seq*; and

(4) Plaintiff's claim violates the "dormant" Commerce Clause. (Dkt. 18.)

C.      After Defendant's motion to dismiss was fully briefed, the Court denied the

motion on September 21, 2021. (Dkt. 29.) RocketReach then answered the complaint on October

5, 2021, denying Plaintiff's material allegations and asserting various affirmative defenses.

D.      Shortly after the case management conference and entry of the scheduling order,

the Parties began exploring the possibility of settlement. To facilitate their discussions, the

Parties requested referral to a Magistrate Judge for a settlement conference and a stay of all

deadlines in the litigation. (Dkt. 35.) The Court granted this request and referred the case to the

Honorable Jeffrey T. Gilbert. (Dkt. 37.)

E.      In order to engage in meaningful discussions at the settlement conference,

Plaintiff requested certain informal discovery from the Defendant regarding the size and

composition of the putative class. The settlement conference with Judge Gilbert was rescheduled

to allow this discovery to take place. (*See* Dkt. 40.) This discovery reflected that RocketReach

was able to identify approximately 26,605 individuals in the putative class.

F.      In advance of the settlement conference, the Parties exchanged mediation briefs,

including a supplemental brief at the request of Judge Gilbert addressing developments in the

IRPA settlement landscape, and participated in a settlement conference Judge Gilbert on July 18,

2022. (Dkts. 56, 61.) The Parties were unable to reach agreement during the settlement conference, and returned to litigation. (Dkts. 66, 68.)

      G.      To that end, the Parties proposed, and the Court adopted, an amended scheduling order. (Dkts. 67, 68.) The Parties subsequently negotiated an agreed protective order and propounded and responded to formal discovery, including interrogatories, requests for production, and requests for admission.

      H.      In tandem with their discovery efforts, the Parties renewed their settlement discussions. After several weeks of ongoing dialogue, the Parties were eventually able to reach the material terms of an agreement-in-principle that was formalized into this Settlement Agreement.

      I.      Plaintiff and Class Counsel believe that the claims asserted in the Action have merit, and that they would have ultimately succeeded in certifying a class, at trial or summary judgment, and on any subsequent appeal. But Plaintiff and Class Counsel recognize that RocketReach has raised relevant factual and legal defenses that pose risks to the Settlement Class. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation and the appeals that would follow any judgment in favor of the Settlement Class. Class Counsel believe that this Agreement eliminates uncertainty in the outcome and presents an exceptional result for the Class, and one that will be provided without delay. Therefore, Plaintiff believes that it is in the best interest of the Settlement Class to settle the Action and that the

Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Settlement Agreement.

J.      RocketReach denies all allegations of wrongdoing and liability, denies all material allegations in the Complaint, and believes that it would prevail in defeating class certification and at any trial on the merits or summary judgment proceeding, but has similarly concluded that this Settlement Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Settlement Class's claims for damages. RocketReach thus desires to resolve finally and completely the pending claims of Plaintiff and the Settlement Class.

K.      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and Defendant that, subject to the approval of the Court after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT

**1.      DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.    **"Action"** means the case captioned *Krause v. RocketReach, LLC*, No. 21-cv-1938, pending in the United States District Court for the Northern District of Illinois.

1.2.    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that is: (i) submitted timely and in accordance with the directions on the Claim Form

and the provisions of the Settlement Agreement; (ii) fully and truthfully completed with all of the information required of a Settlement Class Member; and (iii) signed by the Settlement Class Member, either physically or electronically.

1.3.　　**"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely and shall be set as a date no later than sixty (60) days after the Notice Date. The Claims Deadline shall be clearly set forth in the order granting Preliminary Approval, in the Notice, and in the Claim Form.

1.4.　　**"Claim Form"** means the claim form attached hereto—*see* Exhibit A for the online claim form, and Exhibit B for the paper claim form attached to the postcard notice—as approved by the Court. The Claim Form must be completed and physically signed or verified electronically by any Settlement Class Members who wish to file a claim for a settlement payment, and shall be available for submission on or download from the Settlement Website in hardcopy form. The Claim Form will not require notarization, but will require the information supplied to be true and correct. The online Claim Form will provide the option of having settlement payments transmitted electronically through Venmo, Zelle, Paypal, or check.

1.5.　　**"Class Counsel"** means J. Eli Wade-Scott, Ari J. Scharg, and Michael Ovca of Edelson PC, and Philip L. Fraietta of Bursor & Fisher, P.A.

1.6.　　**"Class Representative"** means plaintiff Aimee Krause.

1.7.　　**"Court"** means the United States District Court for the Northern District of Illinois, the Honorable Elaine E. Bucklo presiding, or any judge who shall succeed her as judge in this case.

1.8.　　**"Defendant"** means RocketReach, LLC, a Wyoming limited liability company

1.9.　　**"Defendant's Counsel"** means Steven L. Baron, Brendan J. Healey, and Sharon

R. Albrecht of Baron Harris Healy.

     1.10.  **"Effective Date"** means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or incentive awards, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order.

     1.11.  **"Escrow Account"** means the separate interest-bearing escrow account to be established by the Settlement Administrator, from which all payments out of the Settlement Fund, including for Approved Claims, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel will be made. The Escrow Account shall be established under terms acceptable to Plaintiff and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing the Escrow Account shall be deducted from the Settlement Fund. Any interest earned on the Escrow Account shall be considered part of the Settlement Fund. The Settlement Administrator shall be responsible for all

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CE3D27A

tax filings with respect to any earnings on the Escrow Account and the payment of all taxes that may be due on such earnings.

1.12. **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.13. **"Final Approval Hearing"** means the hearing before the Court where the Plaintiff will request the Final Approval Order to be entered by the Court confirming approval of the Settlement Class for purposes of Settlement, approving the Settlement Agreement, and determining the Fee Award and incentive award to the Class Representative.

1.14. **"Final Approval Order"** means the final approval order to be entered by the Court confirming approval of the Settlement Class for purposes of Settlement, approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing, and dismissing the Action with prejudice.

1.15. **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class in the manner set forth in this Agreement, fulfills the requirements of due process and Fed. R. Civ. P. 23, and is substantially in the form of Exhibits B and C, attached hereto.

1.16. **"Notice Date"** means the date by which notice is to be provided, which shall be a date no later than twenty-one (21) days after entry of Preliminary Approval.

1.17. **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as sixty (60) days after the Notice Date.

1.18. **"Plaintiff"** means, collectively, Aimee Krause and the Settlement Class

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CE3D27A

Members.

1.19. **"Preliminary Approval"** means the order preliminarily approving the Settlement Agreement, appointing Class Counsel, certifying or finding the Settlement Class is likely to be certified for purposes of entering the Final Approval Order, and approving the form and method of distributing the Notice.

1.20. **"Released Claims"** means any and all past and present claims or causes of action that were or could have been asserted in the Action, whether known or unknown (including Unknown Claims) arising from or related to the use of any aspect of a person's identity including their name, location, phone number, email address, job title, signature, photograph, image, or other identifying information to advertise, promote, or in connection with an offer for sale any products or services, including any violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*, or any other applicable law.

1.21. **"Released Parties"** means Defendant, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

1.22. **"Releasing Parties"** means Plaintiff and their respective present or past heirs, executors, estates, administrators, assigns, affiliates, and agents.

1.23. **"Settlement Administration Expenses"** means the expenses incurred by or on behalf of the Settlement Administrator in administering the Settlement Agreement, including

expenses relating to providing Notice, processing Claim Forms, responding to inquiries from members of the Settlement Class, and distributing payments for Approved Claims, with all such expenses to be paid from the Settlement Fund.

1.24. **"Settlement Administrator"** means Simpluris, Inc., selected by the Parties and subject to approval by the Court, which shall oversee the distribution of Notice, and process and pay Approved Claims as set forth in this Agreement.

1.25. **"Settlement Class"** means all individuals with an Illinois residential address whose name was displayed on RocketReach's website in connection with a "+Phone Plan" hyperlink from April 12, 2020 to the date of Preliminary Approval. Excluded from the Settlement Class are (1) any judge or magistrate judge presiding over this Action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors, or assigns of any such excluded persons.

1.26. **"Settlement Class Member"** means a person who falls within the definition of the Settlement Class who has not submitted a valid request for exclusion.

1.27. **"Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by or on behalf of Defendant in the total amount of one million five hundred ninety six thousand three hundred dollars ($1,596,300), which shall be deposited in the Escrow Account no later than thirty (30) days after Preliminary Approval. From this Settlement Fund, the Settlement Administrator shall pay (i) Approved Claims, (ii) Settlement Administration

---

This amount reflects the number of individuals that RocketReach was able to identify in the Settlement Class, 26,605, multiplied by $60.

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

Expenses, (iii) any incentive award to the Class Representative, and (iv) any Fee Award. The Settlement Fund represents the limit and extent of Defendant's monetary obligations under this Agreement to the Settlement Class. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendant into the Escrow Account, or any interest earned thereon, revert to Defendant or any other Released Party.

1.28.   **"Settlement Website"** means the website to be created, launched, and maintained by the Settlement Administrator which shall allow for the electronic submission of Claim Forms and provide access to relevant case documents including the Notice, information about the submission of Claim Forms, and other relevant documents.

1.29.   **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object, or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

**2.     SETTLEMENT RELIEF.**

   **2.1.     Settlement Payments to Settlement Class Members.**

      (a)     Settlement Class Members shall have until the Claims Deadline to submit a Claim Form. The Settlement Administrator shall have sole and final authority to determine if a Claim Form is an Approved Claim. Each Settlement Class Member who submits an Approved Claim shall be entitled to a payment of a *pro rata* share of the Settlement Fund, after payment of Settlement Administration Expenses, the Fee Award, and any incentive award to the Class Representative.

      (b)     Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send settlement payments from the Settlement Fund by electronic deposit or by check via First Class U.S. Mail to the address provided on the Claim Form, as elected by the Settlement Class Member with an Approved Claim.

      (c)     Each payment issued to a Settlement Class Member by check will state on the face of the check that it will become null and void unless cashed within one hundred and eighty (180) calendar days after the date of issuance.

      (d)     In the event that an electronic deposit to a Settlement Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the

Settlement Class Member within twenty-eight (28) days of the first attempt to correct the problem, and, if the electronic deposit cannot be processed, shall issue that Settlement Class Member a check.

(e)     To the extent that a check issued to a Settlement Class Member is not cashed within one hundred and eighty (180) days after the date of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of the first attempt, such funds shall revert to the Settlement Fund to be distributed *pro rata* to Settlement Class Members with Approved Claims if practicable, or in a manner as otherwise directed by the Court upon application made by any Party.

**2.2.    Prospective Relief.**

(a)     Defendant shall not display the name of any Settlement Class Member whose location, according to Defendant's database, remains in Illinois, on any page on its website that includes a subscription offer to Defendant's products or services.

(b)     Defendant shall implement the changes to its website required by subsection (a) above no later than the Effective Date, provided, however, that Defendant shall have no obligation to implement the changes to its website required by subsection (a) if the Court does not enter the Final Approval Order.

(c)     Defendant shall maintain the changes required by subsection (a) above for a period of three (3) years after the Effective Date.

**3.     RELEASE.**

3.1.    **The Release.** Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally,

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

4. **NOTICE TO THE CLASS.**

4.1. *Settlement Class List.* Defendant shall provide the Settlement Administrator a list of all names and email addresses of all persons known to be in the Settlement Class (the "Settlement Class List") as soon as practicable, but no later than seven (7) days after the execution of this Agreement. The Settlement Administrator shall keep the Settlement Class List and all personal information obtained therefrom, including the identity and addresses of all persons, strictly confidential. The Settlement Class List may not be used by the Settlement Administrator for any purpose other than advising specific individual class members of their rights, mailing settlement payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice.

4.2. The Notice shall consist of the following:

(a) *Direct Notice via Email.* No later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit C, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is contained in the Settlement Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

(b) *Update Addresses.* In the event of any "bounce-back" that remains undeliverable to a Settlement Class Member, the Settlement Administrator will perform a "skip trace" to attempt to identify the U.S. Mail address the affected Settlement Class

Member, including using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator, and to send Notice in the form of Exhibit B to that Settlement Class Member's U.S. Mail address. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class Members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings.

(c)     *Reminder Notices*. Thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is contained in the Settlement Class List. The reminder emails shall be substantially in the form of Exhibit C, with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice. If the number of Claim Forms submitted by Settlement Class Members does not equal at least ten percent (10%) of the Settlement Class, then the Settlement Administrator shall send a final reminder notice two (2) days before the Claims Deadline substantially in the form of Exhibit C with minor, non-material modifications to indicate that it is a final notice.

(d)     *Settlement Website*. Within seven (7) days after Preliminary Approval, Notice shall be provided on the Settlement Website. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

(e)     *CAFA Notice*. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, RocketReach shall cause to be served upon the Attorney General of the United States and Illinois Attorney General notice of the proposed settlement as required by law. RocketReach will file a certification with the

Court demonstrating compliance with this provision not later than ten (10) days after serving such notice.

4.3.     The Notice shall also advise the Settlement Class of their rights under the Settlement Agreement, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement and any papers submitted in support of said objection shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection files notice of his or her intention to do so and at the same time: (a) files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system, if the objection is from a Settlement Class Member represented by counsel, and (c) sends copies of such papers via mail, hand delivery, or overnight delivery service to both Class Counsel and Defendant's Counsel.

4.4.     **Right to Object or Comment.** Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the person's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the person desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to

15

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and postmarked, emailed, or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or in any other action or proceeding.

4.5.    **Right to Request Exclusion.** Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Krause v. RocketReach, LLC*, No. 21-cv-1938 (N.D. Ill.); (c) state the full name and current address of the person seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated email address to receive exclusion requests electronically. Each request for exclusion must also contain the statement "I hereby request to be excluded from *Krause v. RocketReach, LLC*, No. 21-cv-1938 (N.D. Ill.)," or words to that effect. A request for exclusion that does not include all of the foregoing information, that is sent to an address or email address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

time specified shall be invalid, and the persons serving such a request shall be deemed to be Settlement Class Members and shall be bound by this Settlement Agreement, if approved. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or the Final Approval Order, (b) receive a settlement payment under this Agreement, (c) gain any rights by virtue of this Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order, as defined in Paragraph 9.1(d) of this Agreement. No person may request to be excluded from the Settlement Class through a "mass" or "class" opt-out, meaning that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

**5.      SETTLEMENT ADMINISTRATION.**

5.1.      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all

amounts from the Settlement Fund paid on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Receive exclusion forms and other requests from the Settlement Class Members and promptly provide a copy of such requests to Class Counsel and Defendant's Counsel upon receipt. If the Settlement Administrator receives any exclusion forms or other requests from the Settlement Class after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(b)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the current number approved by the Settlement Administrator at that time, and the number of opt-outs received;

(c)     Make available for inspection, upon reasonable notice by Class Counsel or Defendant's Counsel, the Claim Forms, any documentation submitted in support thereof, and any correspondence received by the Settlement Administrator at any time;

(d)     Pay all Approved Claims according to the terms of this Settlement Agreement;

(e)     Make all tax filings related to the Escrow Account; neither Class Counsel nor Defendant make any representations regarding the tax treatment of the Settlement Fund; and

(f)      Respond to questions about the Settlement from class members.

5.2.    The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator, after consultation with Class

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CE3D27A

Counsel and Defendant's Counsel, shall reject Claim Forms where there is evidence of abuse or fraud.

5.3.    The Settlement Administrator shall also reject any Claim Form that does not contain all requested information. The Settlement Administrator shall provide the class member with an opportunity to cure within twenty-one (21) days. If the Class Member fails to cure within the required time, the claim shall be rejected.

5.4.    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6.    TERMINATION OF SETTLEMENT.

6.1.    Subject to Paragraph 9 below, the Class Representative (on behalf of the Settlement Class) or Defendant shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Approval Order in any material respect; (iv) the date upon which the Final Approval Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Approval Order, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2.    Defendant may terminate this Agreement in the event that more than five percent (5%) of members of the Settlement Class submit timely and valid requests for exclusion from the settlement, provided that Defendant provides written notice of the election to do so to Class

Counsel within ten (10) days after the Objection/Exclusion Deadline.

**7.      PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

7.1.      **Preliminary Approval.** No later than seven (7) days after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its exhibits to the Court and shall move the Court for entry of Preliminary Approval of the settlement set forth in this Agreement, which shall include, among other provisions, a request that the Court:

(a)      appoint Class Counsel and the Class Representative;

(b)      certify or find the Settlement Class is likely to be certified for purposes of entering the Final Approval Order under Fed. R. Civ. P. 23;

(c)      preliminarily approve this Agreement for purposes of disseminating Notice to the Settlement Class;

(d)      approve the form and contents of the Notice and the Claim Form, as well as the method of dissemination; and

(e)      schedule a Final Approval Hearing after the expiration of the CAFA notice period provided in 28 U.S.C. § 1715 to review any comments and/or objections regarding this Agreement; to consider its fairness, reasonableness, and adequacy; to consider the application for the Fee Award, incentive awards to the Class Representative, and reimbursement of expenses; to consider whether the Court shall issue a Final Approval Order approving this Agreement; and to consider dismissal with prejudice.

7.2.      **Final Approval.** After Notice is given, Class Counsel shall move the Court for Final Approval, which shall include, among other provisions, a request that the Court:

(a)      find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all

20

attached Exhibits;

(b)      approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties;

(c)      find that the Notice implemented pursuant to the Settlement Agreement: (i) constitutes the best practicable notice under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of this settlement and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)      finally certify or confirm certification of the Settlement Class under Fed. R. Civ. P. 23, including finding that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)      dismiss this case on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

DocuSign Envelope ID: 85E56116-133E-43D1-BA37-3ECE1CE3D27A

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) that (i) shall be consistent in all material respects with the Final Approval Order, and (ii) do not limit the rights of Settlement Class Members; and

(h)     without affecting the finality of the Final Approval Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

7.3.    **Cooperation.** The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

8.    **CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD.**

8.1.    Defendant agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred as the Fee Award from the Settlement Fund. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees and unreimbursed costs to thirty-five percent (35%) of the Settlement Fund, after Settlement Administration Expenses are deducted. Defendant may challenge the amount requested. Should the Court award less than the amount sought by Class Counsel, the difference in the amount

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to class members as settlement payments.

8.2.     The Fee Award shall be payable within seven (7) days after entry of the Court's Final Approval Order to any Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit E, and providing all payment routing information and tax I.D. numbers for Class Counsel. Payment of any amount of the Fee Award to Class Counsel not executing an Undertaking shall be paid the Fee Award by the Settlement Administrator within five (5) business days after the Effective Date by wire to such firm. Payment of the Fee Award shall be made by wire transfer to Bursor & Fisher, P.A., as agent for Class Counsel, for distribution to and among counsel for Plaintiff and the Settlement Class, in accordance with wire instructions to be provided to the Settlement Administrator by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Approval Order is reversed or rendered void as a result of an appeal(s), then any persons or firms who shall have received such funds shall be jointly and severally liable for payments made pursuant to this subparagraph, and shall return such funds to the Settlement Fund. To effectuate this provision, Bursor & Fisher, P.A., shall execute a guarantee of repayment in the forms attached hereto as Exhibit E. Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exit prior to the final payment to Settlement Class Members, those parties shall execute a new Undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

8.3.     In addition to any payment to which they may be entitled under this Agreement, and in recognition of the time and effort she expended on behalf of the Settlement Class, the

Class Representative shall be paid an incentive award in the total amount of one thousand dollars ($1,000), subject to the Court's approval. Should the Court award less than the amount sought, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to class members as settlement payments. Plaintiff shall be paid the incentive award, as determined by the Court, from the Settlement Fund within seven (7) days after the Effective Date. Payment of the incentive award to shall be made via check to Plaintiff, such check to be sent care of Edelson PC.

**9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION.**

9.1.    The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs:

(a)     This Agreement has been signed by the Parties;

(b)     The Court has entered an order granting Preliminary Approval of the Agreement;

(c)     The Court has entered a Final Approval Order finally approving the Agreement, or a judgment substantially consistent with this Settlement Agreement that has become final and unappealable, following Notice and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure; and

(d)     In the event that the Court enters an approval order and final judgment in a form other than that provided above ("Alternative Approval Order") to which the Parties have consented, that Alternative Approval Order has become final and unappealable.

9.2.    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this

Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive award to the Class Representative, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective and settlement payments being distributed, nor shall it be grounds for termination of the Agreement.

9.3.    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

9.4.    In the event the Settlement is terminated or fails to become effective for any reason, the Settlement Fund, together with any earnings thereon at the same rate as earned, less any taxes paid or due, and less Settlement Administrative Expenses actually incurred and paid or payable from the Settlement Fund, shall be returned to Defendant within thirty (30) calendar days after written notification of such event, in accordance with instructions provided by Defendant's Counsel to the Settlement Administrator.

## 10.    MISCELLANEOUS PROVISIONS.

10.1.    The Parties: (a) acknowledge that it is their intent to consummate this Agreement;

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of Preliminary Approval and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2.   Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery, and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid, and binding obligation.

10.3. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action were brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.4.    The Parties have relied upon the advice and representation of their respective counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect

hereof by counsel of their own selection and intend to be legally bound by the same.

10.5. Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Settlement Agreement nor the terms contained herein, nor any court order, communication, act performed, or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

a. is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them as an admission, concession, or evidence of the validity of any Released Claims, the appropriateness of class certification, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement Fund or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b. is, may be deemed, or shall be used, offered, or received against Defendant as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c. is, may be deemed, or shall be used, offered, or received against Plaintiff or the Settlement Class, or each or any of them as an admission, concession, or evidence of the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to

27

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

any liability, negligence, fault, or wrongdoing as against any Released Parties, in any

civil, criminal, or administrative proceeding in any court, administrative agency, or other

tribunal. However, the Settlement, this Settlement Agreement, and any acts performed

and/or documents executed in furtherance of or pursuant to this Settlement Agreement

and/or Settlement may be used in any proceedings as may be necessary to effectuate the

provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is

approved by the Court, any of the Released Parties may file this Settlement Agreement

and/or the Final Approval Order in any action that may be brought against such parties in

order to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of

claim preclusion or issue preclusion, or similar defense or counterclaim;

   e.  is, may be deemed, or shall be construed against Plaintiff and the

Settlement Class, or each or any of them, or against the Released Parties, or each or any

of them, as an admission or concession that the consideration to be given hereunder

represents an amount equal to, less than, or greater than that amount that could have or

would have been recovered after trial; and

   f.  is, may be deemed, or shall be construed as or received in evidence as an

admission or concession against Plaintiff and the Settlement Class, or each and any of

them, or against the Released Parties, or each or any of them, that any of Plaintiff's

claims are with or without merit or that damages recoverable in the Action would have

exceeded or would have been less than any particular amount.

   10.6.  The headings used herein are used for the purpose of convenience only and are

not meant to have legal effect.

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

10.7.   The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.8.   All of the exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9.   This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10.  Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11.  Plaintiff represents and warrants that she has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that she is fully entitled to release the same.

10.12.  Each counsel or other person executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

10.13.  This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.14.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.15.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.16.  This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

10.17.  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

| If to Plaintiff's Counsel: | If to Defendant's Counsel: |
| --- | --- |
| Eli Wade-Scott | Steven L. Baron |
| ewadescott@edelson.com | sbaron@bhhlawfirm.com |
| Edelson P.C. | Baron Harris Healey |
| 350 North LaSalle Street, 14th Floor | 150 South Wacker Drive, Ste. 2400 |
| Chicago, Illinois 60654 | Chicago, Illinois 60606 |

[SIGNATURES APPEAR ON FOLLOWING PAGE.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized attorneys.

**AIMEE KRAUSE,** individually and on behalf of the Settlement Class

Dated: 2/6/2023

By: _____

**BURSOR & FISHER, P.A.**
Attorneys for Plaintiff

Dated: _____

By: _____

**EDELSON PC**
Attorneys for Plaintiff

Dated: _____

By: _____

**ROCKETREACH, LLC**

Dated: 2/21/2023

By: _____

Its: CEO _____

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to
be executed by their duly authorized attorneys.

**AIMEE KRAUSE,** individually and on behalf of the
Settlement Class,

Dated: _____          By: _____

**BURSOR & FISHER, P.A.**
Attorneys for Plaintiff

Dated: February 2, 2023       By: _____

**EDELSON PC**
Attorneys for Plaintiff

Dated: _____          By: _____

**ROCKETREACH, LLC**

Dated: _____          By: _____

                              Its: _____

31

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized attorneys.

**AIMEE KRAUSE,** individually and on behalf of the Settlement Class,

Dated: _____          By: _____


**BURSOR & FISHER, P.A.**
Attorneys for Plaintiff

Dated: _____          By: _____


**EDELSON PC**
Attorneys for Plaintiff

Dated: February 14, 2023          By: _____


**ROCKETREACH, LLC**

Dated: _____          By: _____

Its: _____

31

Exhibit A

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*Krause v. RocketReach, LLC*, No. 21-cv-01938 (N.D. Ill.)

**ONLINE CLAIM FORM**

**Instructions** You may be eligible for a payment as part of the Settlement for this case. Fill out each section of this form and sign where indicated. Please select whether you prefer to receive payment through Venmo, Zelle, Paypal, or a check. If you select payment via check and your Claim Form is approved, you will receive a check in the mail at the address you provide below. THIS CLAIM FORM MUST BE SUBMITTED BY [**CLAIMS DEADLINE**] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

The Settlement Administrator will review your Claim Form. If accepted, you will receive payment for an equal, or *pro rata*, share depending on the number of valid Claim Forms received. This process takes time; please be patient.

| First Name | | Last Name | |
|---|---|---|---|
| **Street Address** | | | |
| **City** | **State** | | **ZIP Code** |
| **Email Address** | | | |
| **Contact Phone #:** (You may be contacted if further information is required) | | | |

**Select Payment Method.** Select the box of how you would like to receive your payment and provide the requested information:

☐ Check          ☐ Venmo®          ☐ Zelle®          ☐ PayPal®

[Based on the selection, the claimant will be prompted to provide the information the Settlement Administrator requires to complete the payment]

E- Signature: _____          Date: __ __/__ __/__ __

2

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CE3D27A

Exhibit B

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Krause v. RocketReach, LLC
c/o Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #___

**OUR RECORDS INDICATE
THAT YOU LIVE IN
ILLINOIS AND HAD YOUR
NAME DISPLAYED ON
ROCKETREACH'S
WEBSITE BETWEEN
APRIL 12, 2020 AND
[PRELIMINARY
APPROVAL]. YOU MAY BE
ENTITLED TO A CLASS
ACTION SETTLEMENT
PAYMENT.**

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1» «Addr2»
«City», «St» «Zip» «Country»

By Order of the Court Dated: [date]

## XXX

---

### CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST
BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo,
PayPal, or Zelle, you must submit a Claim Form online on the Settlement Website at www.tbd.com. If you submit this paper
Claim Form by mail and it is approved, you will receive a check in the mail at the address you provide below.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____ State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check for a *pro rata* share
depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.tbd.com or call [toll free number]**

This notice is to inform you that a Settlement has been reached in a class action lawsuit between individuals who have an Illinois residential address and RocketReach, LLC ("Defendant" or "RocketReach") about the alleged display of identifying information on RocketReach co The lawsuit claims that Defendant violated an Illinois law called the Illinois Right of Publicity Act when it allegedly used individuals' names, email addresses, work information, job title, and links to social media profiles, or other identifying information to advertise or promote the subscription service to its people search engine  The Court has not decided who is right or wrong  Please read this notice carefully  Your legal rights are affected whether you act, or don't act

**Who is included in the Settlement Class?** Our records indicate that you are included in the Settlement Class  The Settlement Class includes all individuals with an Illinois residential address whose name was displayed on RocketReach's website in connection with a "+Phone Plan" hyperlink from April 12, 2020 to [date of Preliminary Approval]

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment  The payment amount is estimated to be approximately $146 to $243, but could be more or less depending on the number of valid claims submitted  This amount is an equal share of a $1,596,300 fund that Defendant agreed to create, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www tbd com, and submit a Claim Form online  *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What are my options?** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement  If you do nothing, you won't get a payment, and you won't be able to sue RocketReach in a future lawsuit about the claims addressed in the Settlement  You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court  If you exclude yourself, you won't get a payment, but you'll keep your right to sue RocketReach regarding the issues the Settlement concerns  Specific instructions about how to object or exclude yourself from the Settlement Class are available at [www tbd com]  *All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** Yes  The Court appointed lawyers from the law firms Edelson PC and Bursor & Fisher, PA as "Class Counsel"  They represent you and other Settlement Class Members  You can hire your own lawyer, but you'll need to pay that lawyer's legal fees  The Court chose Aimee Krause—a class member like you—to represent the Settlement Class

**When will the Court approve the Settlement?** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Elaine E  Bucklo in Room 2246 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court  During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Settlement Fund and an incentive award of $1,000 to the Class Representative  The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline]

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Krause v. RocketReach, LLC Settlement
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CF3D27A

Exhibit C

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CE3D27A

From:  tobedetermined@domain.com
To:  JohnDoeClassMember@domain.com
Re:  Legal Notice of Proposed Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Krause v. RocketReach, LLC*, No. 21-cv-01938 (N.D. Ill.)

## OUR RECORDS INDICATE THAT YOU LIVE IN ILLINOIS AND HAD YOUR NAME DISPLAYED ON ROCKETREACH'S WEBSITE BETWEEN APRIL 12, 2020 AND [PRELIMINARY APPROVAL]. YOU MAY BE ENTITLED TO A CLASS ACTION SETTLEMENT PAYMENT.

*This is an official court notice. You are not being sued. This is not an ad for a lawyer.*

*For more information, visit www.tbd.com.*

*Para una notificación en Español, visitar www.tbd.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between individuals who have an Illinois residential address and RocketReach, LLC ("Defendant" or "RocketReach") about the alleged display of identifying information on RocketReach.co. The lawsuit claims that Defendant violated an Illinois law called the Illinois Right of Publicity Act when it allegedly used individuals' names, email addresses, work information, job title, and links to social media profiles, or other identifying information to advertise or promote the subscription service to its people search engine. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

**Who is included in the Settlement Class?** Our records indicate that you are included in the Settlement Class. The Settlement Class includes all individuals with an Illinois residential address whose name was displayed on RocketReach's website in connection with a "+Phone Plan" hyperlink from April 12, 2020 to [date of Preliminary Approval].

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment amount is estimated to be approximately $146 to $243, but could be more or less depending on the number of valid claims submitted. This amount is an equal share of a $1,596,300 fund that Defendant agreed to create, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award.

**How do I get my payment?** Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.tbd.com and download a paper Claim Form and submit it by mail. By submitting online, you can choose to receive your payment via Venmo, PayPal, Zelle, or a check. *All Claim Forms must be submitted online or postmarked by [Claims Deadline].*

**What are my options?** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue RocketReach in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue RocketReach regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at www.[tbd.com]. ***All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].***

**Do I have a lawyer?** Yes. The Court appointed lawyers from the law firms Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Aimee Krause—a class member like you—to represent the Settlement Class.

**When will the Court approve the settlement?** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Elaine E. Bucklo in Room 2246 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Settlement Fund and an incentive award of $1,000 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

DocuSign Envelope ID: 85E56116-133E-42D4-BA37-3ECE1CF3D27A

# Exhibit D

**U**NITED **S**TATES **D**ISTRICT **C**OURT FOR THE **N**ORTHERN **D**ISTRICT OF  **I**LLINOIS

*Krause v. RocketReach, LLC*, No. 21-cv-01938 (N.D. Ill.)

**IF YOU LIVE IN ILLINOIS AND HAD YOUR NAME DISPLAYED ON ROCKETREACH'S WEBSITE BETWEEN APRIL 12, 2020 AND [PRELIMINARY APPROVAL], YOU MAY BE ENTITLED TO A CLASS ACTION SETTLEMENT PAYMENT.**

***This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.***

- A Settlement has been reached in a class action lawsuit between individuals who have an Illinois residential address and RocketReach, LLC ("Defendant" or "RocketReach") about the alleged display of identifying information on RocketReach.co. The lawsuit claims that Defendant violated an Illinois law called the Illinois Right of Publicity Act when it allegedly used individuals' names, email addresses, work information, job title, and links to social media profiles, or other identifying information to advertise or promote the subscription service to its people search engine. The Court has not decided who is right or wrong.

- If you received a notice of the Settlement by email or in the mail, our records indicate that you may be a Settlement Class Member and you may submit a claim form online or by mail to receive a payment. The Settlement Class includes all individuals with an Illinois residential address whose name was displayed on RocketReach's website in connection with a "+Phone Plan" hyperlink from April 12, 2020 to [date of Preliminary Approval].

- If the Court approves the Settlement, members of the Settlement Class who submit a valid claim will receive an equal, or *pro rata*, share of either a $1,596,300 fund that Defendant agreed to create, after all notice and administration costs, incentive award, and attorneys' fees have been paid. Individual payments to Settlement Class Members who submit a valid Claim Form are estimated to be $146 to $243, but the Settlement payments could be more or less depending on the number of valid claims submitted.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. You must submit a complete and valid claim form either online or by mail before [**Claims Deadline**]. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your right to sue RocketReach in a future lawsuit about the claims addressed in the Settlement. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue RocketRach about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still must decide whether to approve the Settlement. Payments will only be provided after any issues with the Settlement are resolved. Please be patient.

### BASIC INFORMATION

| 1. What is this notice and why should I read it? |
|---|

The Court authorized this notice to let you know about a proposed Settlement with RocketReach. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Elaine E. Bucklo of the United States District Court for the Northern District of Illinois is overseeing this class action. The case is called *Krause v. RocketReach,*

2

*LLC*, No. 21-cv-01938 (N.D. Ill.). The person who filed the lawsuit, Aimee Krause, is the Plaintiff. The company she sued, RocketReach, LLC, is the Defendant.

| 2. What is a putative class action lawsuit? |
| --- |

A class action is a lawsuit in which an individual or individuals called the "Class Representative" bring a single lawsuit on behalf of other people who have similar legal claims. All of these people together are a "Class" or "Class Members." Once a Settlement Class is certified, a class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. What is this lawsuit about? |
| --- |

RocketReach runs a website that provides directory services, including various information about people. Free and paid subscriptions are available to search RocketReach's website. The Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*, prohibits using individuals' names, addresses, email addresses, work information, job title, or other identifying information to advertise, promote, or in connection with an offer for sale any of its products or services, without written consent. This lawsuit alleges that RocketReach violated the Illinois Right of Publicity Act by allegedly displaying Illinois residents' identifying information on RocketReach's website in connection with a subscription to RocketReach's services between April 12, 2020 and [date of Preliminary Approval]. The Illinois Right of Publicity Act provides for $1,000 damages per violation. RocketReach denies that it did anything wrong or violated any law.

More information about Plaintiff's complaint in the lawsuit and the Defendant's defenses can be found in the "Court Documents" section of the Settlement Website at www.tbd.com.

| 4. Who is included in the Settlement Class? |
| --- |

You are a member of the Settlement Class if you had an Illinois residential address and your name was displayed on RocketReach's website in connection with a "+Phone Plan" hyperlink from April 12, 2020 to [date of Preliminary Approval]. If you received a notice of the Settlement via email or in the mail, our records indicate that you are a class member and are included in the Settlement. You may call or email the Settlement Administrator at [phone number] or [email address] to ask whether you are a member of the Settlement Class.

## THE SETTLEMENT BENEFITS

### 5. What does the Settlement provide?

**Cash Payments.** If you're eligible, you can file a claim to receive a cash payment. Payments to Settlement Class Members who submit a valid Claim Form are estimated to be $146 to $243, but the settlement payments could be more or less depending on the number of valid claims submitted. These will be a *pro rata*, or equal, share of either a $1,596,300 fund that RocketReach agreed to create for the Settlement Class, after the payment of Settlement expenses, attorneys' fees, and any incentive award for the Class Representative approved by the Court.

**Prospective Relief.** Under the Settlement, RocketReach has agreed not to display the name of any Settlement Class Member whose location, according to RocketReach's database, remains in Illinois, on any page on its website that includes a subscription offer to RocketReach's products or services by the Settlement's Effective Date, and to refrain from doing so for a period of three years thereafter.

## HOW TO GET SETTLEMENT BENEFITS

### 6. How do I get a payment?

If you are a Settlement Class Member and you want to get a payment, you must complete and submit a valid Claim Form by [Claims Deadline]. If you received an email notice, it contained a link to the online Claim Form, which is also available on this website here [Claim Form Link] and can be filled out and submitted online. The online claim form lets you select to receive your payment by Venmo, Zelle, Paypal, or check. A paper Claim Form with pre-paid postage was attached to the postcard notice you may have received in the mail. If you send in a paper Claim Form and it is approved, you will receive a check by mail.

### 7. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [**Final Approval Hearing Date**]. If the Court approves the Settlement, Class Members whose claims were approved by the Settlement will be issued a check or electronic payment (as chosen by the Class Member) within 28 days after the Settlement Effective Date. Please be patient. Uncashed checks and electronic payments that are unable to be completed will expire and become void 180 days after they are issued and will revert to the Settlement Fund to be distributed *pro rata* to claiming Settlement Class Members or in a manner as otherwise directed by the Court upon application made by Class Counsel.

## THE LAWYERS REPRESENTING YOU

### 8.  Do I have a lawyer in the case?

Yes, the Court has appointed lawyers from the law firms Edelson PC and Bursor & Fisher, PA as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiff Aimee Krause to serve as the Class Representative. She is a Class Member like you. Class Counsel can be reached by calling (XXX) XXX-XXXX .

### 9.  Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

### 10.  How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to 35% of the Settlement Fund, and will also request an incentive award of $1,000 for the Class Representative from the Settlement Fund. If the Settlement is finally approved, the Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representative. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

### 11.  What happens if I do nothing at all?

If you do nothing, you will receive no money from the Settlement Fund, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against RocketReach or the other Released Parties regarding any of the Released Claims. **Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.**

To submit a Claim Form, or for information on how to request exclusion from the Settlement Class or file an objection, please visit the Settlement Website, www.tbd.com. You may also call (XXX) XXX-XXXX for more information about the Settlement.

### 12.  What happens if I ask to be excluded?

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Released Parties (as that term is defined in the Settlement Agreement) and are free

5

to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense.

| **13. How do I ask to be excluded?** |
| --- |

You can mail or email a request stating that you want to be excluded from the Settlement. Your request must: (a) be in writing; (b) identify the case name *Krause v. RocketReach, LLC*, No. 21-cv-1938 (N.D. Ill.); (c) state the full name and current address of the person seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before [Objection/Exclusion Deadline]. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Krause v. RocketReach, LLC*, No. 21-cv-1938 (N.D. Ill.)." You must mail or email your exclusion request no later than [Objection/Exclusion Deadline] to:

Krause v. RocketReach, LLC Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

-or-

[email address]

You can't exclude yourself over the phone. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Each request for exclusion must be submitted individually.

| **14. If I don't exclude myself, can I sue RocketReach for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any right to sue RocketReach and any other Released Party for the claims being resolved by this Settlement.

| **15. If I exclude myself, can I get anything from this Settlement?** |
| --- |

No. If you exclude yourself, you will not receive a payment.

| **16. How do I object to the Settlement?** |
| --- |

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the court stating that you object to the Settlement in *Krause v. RocketReach, LLC*, No. 21-cv-1938 (N.D. Ill.) no later than [objection/exclusion deadline]. Your objection must be e-filed or delivered to the court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Because of the Covid-19 pandemic, the court is accepting filings from *pro se*
litigants via email. Instructions on how to file via email can be found <u>here</u>.

The objection must be in writing, personally signed by the objector, and must
include: (a) the person's full name and current address, (b) a statement that he or she
believes himself or herself to be a member of the Settlement Class, (c) whether the
objection applies only to the objector, to a specific subset of the Settlement Class,
or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all
documents or writings that the person desires the Court to consider, (f) the name and
contact information of any and all attorneys representing, advising, or in any way
assisting the objector in connection with the preparation or submission of the
objection or who may profit from the pursuit of the objection, and (g) a statement
indicating whether the objector intends to appear at the Final Approval Hearing
(either personally or through counsel, who must file an appearance or seek *pro hac
vice* admission). All written objections must be filed with the Court and postmarked,
emailed, or delivered to Class Counsel and Defendant's Counsel no later than the
[Objection/Exclusion Deadline].

If you hire an attorney in connection with making an objection, that attorney must
file an appearance with the Court or seek *pro hac vice* admission to practice before
the Court, and electronically file the objection by the objection deadline of
[Objection/Exclusion Deadline]. If you do hire your own attorney, you will be solely
responsible for payment of any fees and expenses the attorney incurs on your behalf.
If you exclude yourself from the Settlement, you cannot file an objection.

In addition to filing your objection with the Court, you must send via mail, email, or
delivery service, by no later than [Objection/Exclusion Deadline], copies of your
objection and any supporting documents to both Class Counsel and Defendant's
lawyers at the addresses listed below:

| Class Counsel | Defendants' Counsel |
|---|---|
| Eli Wade-Scott | Steven L. Baron |
| ewadescott@edelson.com | sbaron@bhhlawfirm.com |
| EDELSON PC | BARON HARRIS HEALEY |
| 350 North LaSalle Street, 14th Floor | 150 South Wacker Drive, Ste. 2400 |
| Chicago, Illinois 60654 | Chicago, Illinois 60606 |

Class Counsel will file with the Court and post on the settlement website its request
for attorneys' fees and incentive awards on [date 2 weeks before Objection /
Exclusion deadline].

### 17. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Elaine E. Bucklo in Room 2246 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. **At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.**

**Note:** The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the settlement website, www.tbd.com.

### 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria required and described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 20. May I speak at the Final Approval Hearing?

Yes. If you do not exclude yourself, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 16 above) and intend to appear at the Final Approval Hearing, you must state your intention to do so in your objection.

## GETTING MORE INFORMATION

### 21. Where do I get more information?

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents are available at www.tbd.com or at the Clerk's Office in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays and any closures as a result of the COVID-19 pandemic. You can also contact Class Counsel at (XXX) XXX-XXXX with any questions.

## REMOVING MY INFORMATION FROM ROCKETREACH

### 22. How do I get RocketReach to stop showing my information?

Although, under the settlement, RocketReach has agreed not to display the name of any Settlement Class Member whose location, according to RocketReach's database, remains in Illinois, on any page on its website that includes a subscription offer to RocketReach's products or services by the Settlement's Effective Date, and to refrain from doing so for a period of three years thereafter, your name may still appear on any page on RocketReach's website that does not include a subscription offer to RocketReach's products or services.

If you would like to remove your information from RocketReach, you can submit a request through https://rocketreach.co/claim-profile and complete the prompts as directed. Removal requests may take time to process.

### 23. Will removing my information from RocketReach impact my legal rights?

No. Your choice to remove your information from RocketReach has no bearing on your ability to collect from this Settlement. Removing your information from RocketReach is not the same as excluding yourself from the Settlement. These opt out processes are available to all individuals with a RocketReach listing whether or not they are Settlement Class Members. These processes are not related to this Settlement in any way.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, THE DEFENDANT, OR THE DEFENDANT'S LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF SETTLEMENT PAYMENTS.**

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CF3D27A

Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

AIMEE KRAUSE, individually and on behalf
of all others similarly situated,

     *Plaintiff*,

*v.*

ROCKETREACH, LLC, a Wyoming limited
liability company,

     *Defendant*.

Case No. 21-cv-01938

Honorable Elaine E. Bucklo

## STIPULATION REGARDING UNDERTAKING
## RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiff Aimee Krause ("Krause" or "Plaintiff") and Defendant RocketReach, LLC

("Defendant" or "RocketReach") (collectively, the "Parties"), by and through and including their

undersigned counsel, stipulate and agree as follows:

WHEREAS, Bursor & Fisher, P.A. (the "Firm") desires to give an undertaking (the

"Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses

approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in

service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as

agent for his Firm, hereby submits himself and his law firm to the jurisdiction of the Court for

the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the

Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1C53D27A

shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Approval Order or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Approval Order is upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the applicable Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Approval Order.

In the event the Firm fails to repay to Defendant or Defendant's insurer any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to the Firm, summarily issue orders, including but not limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned Firm representative stipulates, warrants, and represents that he has both

DocuSign Envelope ID: 85E56116-133E-42D1-BA37-3ECE1CE3D27A

actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf

of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be

deemed an original but all of which together shall constitute one and the same instrument.

Signatures by facsimile, PDF, or other electronic means shall be as effective as original

signatures.

The undersigned on behalf of Firm declares under penalty of perjury under the laws of

the United States that he has read and understands the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL FOR THE FIRMS:


**BURSOR & FISHER, P.A.**
Attorneys for Plaintiff

Dated: February 2, 2023        By: _____


**BARON HARRIS HEALEY** (agreed as to form)
Attorneys for Defendant

Dated: 2/21/2023        By: _____
                            Steven Baron
                            00E7C08C6E7340A...