Aimee Krause, individually and on behalf
of all others similarly situated,

    *Plaintiff*,

v.

RocketReach, LLC, a Wyoming limited
liability company,

    *Defendant*.

No. 21 CV 1938

Judge Lindsay C. Jenkins

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Before the Court are Plaintiff Aimee Krause's motion for final approval of class action settlement [Dkt. 94] motion for attorney's fees, expenses, and incentive awards [Dkt. 77]. The Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a final approval hearing on September 12, 2023, it is hereby ordered, decreed, and adjudged as follows:

1.    Unless defined herein, terms and phrases in this Order shall have the same meaning ascribed to them in the Class Action Settlement Agreement. [Dkt. 94-1.]

2.    This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members.

3.    On April 11, 2023, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the following Settlement Class:

> All individuals with an Illinois residential address whose names were displayed on RocketReach's website in connection with a "+Phone Plan" hyperlink from April 12, 2020 to the date of Preliminary Approval.

Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from any respective Settlement Payment Class, and (4) the legal representatives, successors, or assigns of any such excluded persons. The Court now

confirms final certification of the Settlement Class for purposes of entering final judgment.

4.    Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice—which included direct notice via email and U.S. Mail, two rounds of reminder notices, and the creation of the Settlement Website—provided the best practicable notice under the circumstances. The notice reached 87% of the Settlement Class; was reasonably calculated to apprise the Settlement Class Members of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

5.    The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. As required by CAFA, more than 90 days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6.    The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of Magistrate Judge Jeffrey T. Gilbert, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7.    The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, the lack of any objections to the settlement by Settlement Class Members, and the reported rate of Approved Claims. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8.     No Settlement Class Members have objected to any of the terms of the Settlement Agreement. No Settlement Payment Class Members have submitted requests for exclusion.

9.     The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and the Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

10.     Other than as provided in the Settlement Agreement and this order, the Parties shall bear their own costs and attorneys' fees.

11.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this case on the merits and with prejudice.

12.     Upon the Effective Date of the Settlement Agreement, Plaintiffs and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns, affiliates, and agents, shall be deemed to have fully, finally, and forever released, acquitted, relinquished and completely discharged Defendant and its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations, from any and all past and present claims or causes of action that were or could have been asserted in the Action, whether known or unknown (including Unknown Claims, as defined in the Settlement Agreement), arising from or related to the use of any aspect of a person's identity, including their name, location, phone number, email address, job title, signature, photograph, image, or other identifying information, to advertise, promote, or in connection with an offer for sale of, any products or services, including any violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*, or any other applicable law.

13.     The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of any Settlement Class Members.

14.     The Court awards to Class Counsel a fair and reasonable attorney's fee, which shall include all attorney's fees and reimbursable expenses associated with the

Action, in the amount of $525,341.95. This amount shall be paid from the Settlement Fund pursuant to the terms in the Settlement Agreement. In determining the attorney's fee award, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent Settlement Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorney's fee award here, which equates to 35% of the Settlement Fund, less the amount paid for Settlement Administration Expenses and the incentive awards, is in line with fee awards provided in similar statutory privacy cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Class.

15.    The Court awards $1,000 to Plaintiff Aimee Krause as an incentive award for her time and effort serving the Settlement Class. This amount shall be paid to the Class Representative from the Settlement Fund pursuant to the terms in the Settlement Agreement.

16.    The Court approves the payment of all reasonable Settlement Administration Expenses to the Settlement Administrator.

17.    To the extent that any check issued to a Settlement Class Member pursuant to the Settlement Agreement is not cashed within 180 days of issuance or an electronic deposit is unable to be processed within 180 days of the first attempt, such residual funds shall revert to the Settlement Fund to be distributed *pro rata* to Settlement Class Members with Approved Claims if practicable. If redistribution is not feasible or if residual funds remain in the Settlement Fund after redistribution, Class Counsel shall file a motion with the Court proposing an appropriate distribution of any residual funds.

18.    Without affecting the finality of this Final Approval Order for purposes of appeal, the Parties agree that they will submit to the jurisdiction this Court as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order.

*It is so ordered.*

Enter: 21-cv-1938
Date:  September 12, 2023

_____
Lindsay C. Jenkins
United States District Judge

4